This decision of the Supreme Court of New Mexico was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Supreme Court.

## IN THE SUPREME COURT OF THE STATE OF NEW MEXICO

**Filing Date: March 21, 2022**

**No. S-1-SC-38106**

**STATE OF NEW MEXICO,**

　　　Plaintiff-Respondent,

v.

**RICHARD MARTINEZ,**

　　　Defendant-Petitioner.

**ORIGINAL PROCEEDING ON CERTIORARI**
**Robert A. Aragon, District Judge**

Bennet J. Baur, Chief Public Defender
Allison H. Jaramillo, Assistant Appellate Defender
Law Office of the Public Defender
Santa Fe, NM

for Defendant-Petitioner

Hector H. Balderas, Attorney General
Emily C. Tyson-Jorgenson, Assistant Attorney General
Santa Fe, NM

for Plaintiff-Respondent

### DISPOSITIONAL ORDER OF AFFIRMANCE

**{1}**　　WHEREAS, this matter having come before the Court upon Defendant Richard Martinez's appeal from the Court of Appeals memorandum opinion in the matter of *State v. Martinez*, A-1-CA-36552, mem. op. (N.M. Ct. App. December 23, 2019) (nonprecedential), *see* Rule 12-502 NMRA ("This rule governs petitions for the issuance of writs of certiorari seeking review of decisions of the Court of Appeals.");

**{2}**　　WHEREAS, the Court having considered the briefs and being otherwise fully informed on the issues and applicable law;

**{3}**　　WHEREAS, Defendant was first identified by an eyewitness as the alleged perpetrator of a residential burglary at an in-court preliminary hearing upon questioning by a prosecutor;

**{4}**　　WHEREAS, Defendant subsequently moved to suppress the eyewitness identification on the grounds that it was unduly suggestive in violation of his right to due process, which motion was denied by the district court;

**{5}**　　WHEREAS, following a jury trial, Defendant was convicted of residential burglary, contrary to NMSA 1978, Section 30-16-3(A) (1971);

**{6}**　　WHEREAS, the Court of Appeals affirmed Defendant's conviction on the grounds that, even if the eyewitness identification of Defendant was unduly suggestive, there were sufficient other indicia of reliability to justify the district court's admission of the evidence, pursuant to *Patterson v. LeMaster*, 2001-NMSC-013, ¶¶ 23-25, 130 N.M. 179, 21 P.3d 1032. *Martinez*, A-1-CA-36552, mem. op. ¶¶ 12-17;

**{7}**　　WHEREAS, Defendant petitioned this Court to reverse the Court of Appeals' decision on the grounds that the Court of Appeals improperly weighed the factors bearing on the reliability of the identification;

**{8}**　　WHEREAS, subsequent to Defendant's filing of the petition, this Court issued our opinion in *State v. Martinez*, 2021-NMSC-002, 478 P.3d 880, in which we held that, under Article II, Section 18 of the New Mexico Constitution, "if a witness makes an identification of a defendant as a result of a police identification procedure that is unnecessarily suggestive and conducive to misidentification, the identification and any subsequent identification by the same witness must be suppressed." *Martinez*, 2021-NMSC-002, ¶ 86;

**{9}**　　WHEREAS, Defendant now asks this Court to extend the holding of *Martinez*, *id.*, to an in-court identification elicited by a prosecutor;

**{10}**　　WHEREAS, federal due process protections do not apply to eyewitness identifications elicited in court by prosecutors. *See Perry v. New Hampshire*, 565 U.S. 228, 241-49 (2012) (holding that federal due process concerns arise only when eyewitness identification is the product of improper law enforcement conduct); *United States v. Thomas*, 849 F.3d 906, 910 (10th Cir. 2017) (agreeing with 11th Circuit precedent holding that *Perry* applies to in-court identifications as well as out-of-court identifications);

**{11}**　　WHEREAS, in order to preserve the issue for appeal, a party seeking greater protection under the New Mexico Constitution than is provided under an analogous provision of the United States Constitution must alert the district court to the state constitutional provision at issue and assert an argument for why that provision should be interpreted more expansively than its federal counterpart. *State v. Leyva*, 2011-NMSC-009, ¶ 49, 149 N.M. 435, 250 P.3d 861; Rule 12-321(A) NMRA;

**{12}** WHEREAS, in challenging the eyewitness identification below, Defendant failed to cite any provision of the New Mexico Constitution or assert an argument for why the New Mexico Constitution provides greater due process protection than the United States Constitution, and therefore failed to preserve his state due process claim. *See State v. Turrietta*, 2011-NMCA-080, ¶ 22, 150 N.M. 195, 258 P.3d 474 (concluding that, where the defendant failed to provide the district court with any reasons for interpreting New Mexico Constitution differently from its federal counterpart, state constitutional claim was not preserved), *aff'd in part, rev'd in part, State v. Turrietta*, 2013-NMSC-036, ¶¶ 22, 40, 308 P.3d 964;

**{13}** WHEREAS, the Court concludes Defendant did not adequately preserve the issue presented for review; and

**{14}** WHEREAS, the Court has chosen to exercise its discretion under Rule 12-405(B) NMRA to dispose of this case by non-precedential order rather than by formal opinion;

**{15}** NOW, THEREFORE, IT IS ORDERED that the decision of the Court of Appeals is affirmed.

**{16}  IT IS SO ORDERED.**

**MICHAEL E. VIGIL, Chief Justice**

**C. SHANNON BACON, Justice**

**DAVID K. THOMSON, Justice**

**BRIANA H. ZAMORA, Justice**